UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
DEC 19 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Leona Cosby, )
)
      Plaintiff, )
)
v. ) Civil Action No. 11 2246
)
Clares Barns, )
)
      Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff is a District of Columbia resident suing another District of Columbia resident for alleged conduct that is not clearly defined. The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because both parties reside in the District. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be

a citizen of the same state as any defendant.") (citations omitted).   A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Robert L. Wilkins
United States District Judge

December 9, 2011